# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOBIN DON LEMMONS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 00-CV-0291-SEH-SAJ |
| CORBIN COLLINS; KEVIN STATTS; JAMES HENDERSON; TULSA POLICE DEPARTMENT; and TULSA COUNTY DISTRICT ATTORNEY'S OFFICE, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action commenced by pro se Plaintiff Tobin Don Lemmons on April 10, 2000. By Order filed July 7, 2000 (Dkt. # 4), the Court dismissed the case without prejudice based on lack of prosecution. More than eleven (11) years later, on February 14, 2012, Plaintiff filed a "request to adopt previous original complaint" (Dkt. # 7). The Court shall adjudicate Plaintiff's request as a motion to reopen. However, for the reasons discussed below, the Court finds Plaintiff has failed to demonstrate cause sufficient to warrant reopening of this matter. Therefore, his request to allow this case to "begin to run anew" shall be denied and this matter shall remain closed.

Rule 60(b), Federal Rules of Civil Procedure, governs the Court's consideration of whether to reopen this matter by setting aside the prior Order of dismissal. Rule 60(b) reads as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is

void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Furthermore, subsection (c) provides that a Rule 60(b) motion "must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). In this case, Plaintiff filed his request to reopen this matter more than eleven (11) years after the order of dismissal. As a result, grounds identified in Rule 60(b)(1), (2), and (3) are excluded as bases for reopening this case. Plaintiff has not asserted any fact suggesting that either ground 4 or 5 is applicable. Therefore, the Court shall consider whether Plaintiff has alleged facts sufficient to reopen this matter under Rule 60(b)(6).

Plaintiff must recite, or the record must show, the existence of extraordinary circumstances justifying relief under Rule 60(b). Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991); Bud Brooks Trucking v. Bill Hodges Trucking, 909 F.2d 1437, 1440 (10th Cir. 1990). The Court finds neither the record nor Plaintiff's recitation of facts demonstrates extraordinary circumstances justifying reopening this case under Rule 60(b)(6). A request for relief under Rule 60(b)(6) must meet two requirements in order to succeed. First, the request must be filed within a "reasonable time." See Fed. R. Civ. P. 60(b). Second, relief may only be granted "'when it offends justice to deny such relief.'" Yapp v. Excel Corp., 186 F.3d 1222, 1232 (10th Cir. 1999) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996)). "Relief under Rule 60(b)(6) is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." Cashner, 98 F.3d at 580 (citation omitted).

2

As stated above, more than eleven (11) years have passed since this case was dismissed for lack of prosecution. The passage of that amount of time reflects a lack of diligence and cannot be considered "reasonable." Furthermore, the two (2) year statute of limitations applicable to civil rights claims in Oklahoma expired long ago. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that the statute of limitations for § 1983 is based upon the applicable state law limitations for a private tort action), *superseded by statute on other grounds, as stated in* Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377-78 (2004); Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988). Without providing any factual support, Plaintiff requests that the limitations period be "equitably tolled by the continuing wrong doctrine." See Dkt. # 7.

Plaintiff is not entitled to equitable tolling. First, Plaintiff's lack of diligence forecloses applicability of equitable tolling in this matter. Furthermore, the "continuing wrong doctrine" does not apply under these facts. "Assuming the continuing violation doctrine applies to § 1983 claims, the doctrine is triggered 'by continual unlawful acts, not by continual ill effects from the original violation.'" Mata v. Anderson, 635 F.3d 1250, 1253 (10th Cir. 2011) (citations omitted). In order for the continuing violations doctrine to apply, there must be at least one wrongful act within the statutory filing period. See McCormick v. Farrar, 147 Fed. Appx. 716, 720 (10th Cir. 2005) (unpublished)[1]; see also Burkley v. Correctional Healthcare Management of Oklahoma, Inc., 141 Fed. Appx. 714, 716 (10th Cir. 2005) (unpublished) ("The continuing violation doctrine permits a court to look backwards to the entirety of a continuing wrong to assess its cumulative effect, so long as an injurious act falls within the statute of limitations period."). Nothing provided by Plaintiff

---

[1]This and any other unpublished decision are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

suggests ongoing unlawful acts during the eleven (11) years since this action was dismissed. Plaintiff also asks that this matter be reopened "pursuant to the decsion [sic] in Hensley." <u>See</u> Dkt. # 7. However, he provides neither a complete citation for "Hensley" nor an explanation for why "Hensley" would support his request to reopen this matter.

The Court finds that, upon review of the record and the allegations contained in Plaintiff's request to open this matter, Plaintiff has failed both to seek reopening within a reasonable time and to demonstrate circumstances that are so unusual or compelling that extraordinary relief is warranted, or that it would offend justice to deny such relief. Plaintiff is not entitled to relief under Fed. R. Civ. P. 60(b)(6). Having determined that Plaintiff is not entitled to relief from the Court's Order of dismissal under Fed. R. Civ. P. 60(b)(6), the Court finds Plaintiff's motion to reopen (Dkt. # 7), titled "request to adopt previous original complaint," shall be denied. This matter shall remain closed.

**ACCORDINGLY IT IS HEREBY ORDERED** that:

1. Plaintiff's "request to adopt previous original complaint" (Dkt. # 7) is **denied**.
2. This matter shall remain closed.

**DATED** this 17th day of February, 2012.

 */s/ Claire V. Eagan*
 CLAIRE V. EAGAN, CHIEF JUDGE
 UNITED STATES DISTRICT COURT